UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA FORGE, LLC, and<br>CAPITAL MACHINE COMPANY, INC.<br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>MILLER VENEERS, INC.,<br>THOMAS A. MILLER,<br>BENJAMIN R. MILLER,<br>SALLY M. SANDO,<br>ROBERT D. BRAND,<br>INDIANAPOLIS VENEER WORKS, LLC,<br>EGENOLF MACHINE, INC.,<br>MERRITT MACHINERY, LLC, and<br>MERRITT PLYWOOD MACHINERY, INC.,<br>Defendants/Counterclaim Plaintiffs,<br><br>v.<br><br>WILLIAM L. KOSS,<br>Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:09-cv-0702 JMS-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MILLER VENEERS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO ITS EVIDENTIARY DESIGNATIONS SUBMITTED IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendant Miller Veneers, Inc. ("Miller Veneers"), by counsel, files this Response in Opposition to Plaintiffs' Objection to its Evidentiary Designations Submitted in Opposition to Plaintiffs' Motion for Preliminary Injunction. In Response, Defendant Miller Veneers states as follows:

## I. INTRODUCTION

Plaintiffs' Objections, to which this Response is directed, relate solely to the Declaration of Eugene Reid Freeman, which was submitted as one Exhibit (Exhibit No. 7) to Miller Veneers' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction. Plaintiffs request that

the Court not consider Mr. Freeman's Declaration in ruling on the Motion for Preliminary Injunction. As is explained herein, Miller Veneers opposes Plaintiffs' Objections and respectfully submits that Mr. Freeman's Declaration should be considered by the Court as one Exhibit opposing Plaintiffs' Motion for Preliminary Injunction.

## II. ARGUMENT

### A. Mr. Freeman's Opinions Were Timely Disclosed And Are Properly Before The Court.

Plaintiffs inaccurately state in their Objections that Mr. Freeman's opinions contained in the Declaration were not timely disclosed. Specifically, Plaintiffs state in Footnote No. 1, that the Case Management Plan says: "expert reports for issues on which a party bears the burden of proof were due Jul. 3, 2010 . . . ." (*See* Plfs.' Objection at p. 3.) Although the Case Management Plan does set separate deadlines for "summary judgment experts" and "*Markman* experts," it did not set a general expert witness disclosure deadline. Mr. Freeman's Declaration was submitted in Opposition to Plaintiffs' Motion for Preliminary Injunction, which was not related in any way to either of the deadlines referenced in the Case Management Plan.

Moreover, it is disingenuous for Plaintiffs to claim that Mr. Freeman's Declaration was untimely. Even assuming that the July 3, 2010 deadline applied to this Declaration, Plaintiffs' counsel undisputedly possessed the Declaration on June 30, 2010, when Miller Veneers' Response to Opposition to the Preliminary Injunction was electronically filed. The Response filed included Mr. Freeman's Declaration as an Exhibit.

Plaintiffs also object to categorizing Mr. Freeman's Declaration as an "expert report," because it does not list his publications authored within the last ten years, a list of cases in which he has testified as an expert in the last four years, and a statement of the compensation that he is being paid related to this case. (*See* Pls.' Opp'n at p. 3, n.1.) Mr. Freeman, however, has neither

published any such articles nor testified as an expert previously, and he is not being compensated for his time related to this case. (*See* Ex. A.[1]) Consequently, no such information was improperly withheld by the defense.

The trial court has broad discretion in determining whether a failure to timely disclose an expert witness or that witness' testimony constitutes harmless error. *Termini v. Bd. Of Lake County Commissioners*, 2010 WL 2674507, *2 (N.D. Ind. 2010). In *Termini*, counsel for the plaintiff served an expert report upon the defendant several days late. *Id.* at *2. The defendant moved to exclude the untimely report, but the court found the untimely disclosure to be harmless error. *Id.* In conducting its assessment, the court considered: (1) the prejudice or surprise to the party against whom the evidence was offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in failing to disclose the evidence at an earlier date. *Id.* at *2.

In this case, Mr. Freeman's Declaration was served upon the Plaintiffs on June 30, 2010 as an Exhibit to Miller Veneers' Response in Opposition to the Preliminary Injunction. Miller Veneers therefore maintains that Mr. Freeman was timely disclosed as an expert, as the expert disclosure deadline was not until July 3, 2010 and arguably did not apply to expert witnesses for the purpose of opposing a preliminary injunction. If, however, the Court finds the disclosure to be untimely, Miller Veneers contends that the late submission is harmless error. Plaintiffs have suffered no prejudice between the July 3, 2010, deadline and the submission of Miller Veneers' expert disclosure (which has been filed contemporaneously with this motion). Accordingly, there is no prejudice to be cured. There is no likelihood of disruption at trial, because no trial

---

[1] Attached hereto and incorporated by reference as Exhibit A is a signed supplemental report from Mr. Freeman dated July 15, 2010.

3

date has been set. Lastly, there exists no bad faith or willful nondisclosure on the part of Miller Veneers.

The same assessment of the above factors is true with regard to the information required by Federal Rule of Civil Procedure 26(a) not originally contained in Freeman's expert report. With no prior testimony, no publications, and no compensation for his testimony in this case, the information inadvertently excluded from Freeman's expert report caused no prejudice, poses no likelihood of disruption to the non-existent trial date, and was not omitted willfully or in bad faith. Thus, the three pieces of information required, but originally excluded from the Freeman disclosure also constitute harmless error.

Additionally, Mr. Freeman's qualifications merely go to the weight of his testimony and would not be a basis to exclude same. Fed. R. Evid. 702. As Mr. Freeman's Declaration makes clear, he is very experienced in the veneer industry in general and in making veneer manufacturing equipment, in particular.[2] (*See* Ex. B, ¶¶ 3-5, 13.[3]) Mr. Freeman's decades of experience in the veneer-making industry qualify him to testify on the matters set forth in his Declaration.

    B.    <u>Mr. Freeman's Declarations Establish Sufficient Foundation to Constitute an Expert Opinion.</u>

        1. *Freeman has personal knowledge of the offer for sale.*

Mr. Freeman has been actively engaged in the veneer manufacturing and machining industry for thirty-six years. (*See* Ex. B, ¶ 3.) While it is true that Mr. Freeman may not be

---

[2] If, however, the Court finds the failure to disclose the compensation, prior testimony, and publications of Mr. Freeman to be prejudicial to the Plaintiff and therefore strikes his report, then Plaintiffs should likewise have the report of their expert, Richard E. Stamper, Ph.D., stricken as well. Dr. Stamper's expert report fails to disclose his prior testimony and would therefore inflict the same prejudice upon Miller Veneers that Mr. Freeman's missing elements would place upon Plaintiffs.

[3] Attached hereto and incorporated by reference as Exhibit B is the Declaration of Mr. Freeman at issue, which was previously submitted to the Court as Exhibit No. 7 to Defendant's Response in Opposition to Plaintiffs' Motion for Preliminary Injunction.

4

qualified to determine whether the "correspondence" referred to in his Declaration constitutes an offer from a legal standpoint, he has the requisite experience to testify as to his personal knowledge regarding the purpose of the correspondence. Mr. Freeman has personally received documents from Plaintiffs resembling the "Specifications and Price List Pocket Grooving Machine" which he interpreted to be offers for the sale of the machinery referenced in such documents. In his employment with Freeman Corporation, Mr. Freeman has received many offers from Bill Koss and Capital Machine similar in form and substance to the "Specifications and Price List Pocket Grooving Machine" received by Miller Veneers.

In addition to his personal knowledge of Capital Machine's prior and similar offers to the Freeman corporation and their similarity to that received by Miller Veneers, such documents are customary in the veneer-making industry, and are regularly interpreted to be offers for sale of the machinery referenced in the document. These types of offers are simple, common forms that are used by numerous vendors in the veneer-making industry. Mr. Freeman's long career manufacturing veneer and veneer processing equipment qualifies him to testify to the custom and practice of vendors in the business, and the manner in which offers for sale are customarily made.

### 2. *Freeman qualifies as an expert as to the issues of the on sale bar*

In considering whether patentability is precluded by the on sale bar at 35 U.S.C. section 102(b) one must consider whether (1) at the time the invention was offered for sale (2) a person having ordinary skill in the art could have made the machine. Plaintiff objects to Freeman's Declaration on both prongs of the above standard.

As to first prong, Freeman's Declaration affirmatively states that Freeman Corporation could build the machine now. The construction of the statement contained in Freeman's

Declaration, while admittedly unclear, was intended to convey that Freeman Corporation had the capability to produce the machine both now *and* in 1992. Freeman Corporation has been in the business of veneer production and veneer processing equipment since the mid-1960s, and Reid Freeman has been at the Freeman Corporation since 1982. (*See* Ex. B, ¶ 4.) Freeman's testimony will establish that the Freeman Corporation has had the capability to build the machine since at least 1992, when Capital Machine first offered the machine in question for sale to Miller Veneers.

Plaintiffs' second objection to Freeman's Declaration paragraph 7 is that it does not satisfy the standard that "one of ordinary skill in the art" could have produced the machine based on the 1992 offer. Paragraph 7 states that the correspondence [1992 offer] contained a sufficient level of detail for employees of the Freeman Corporation to build the machine. Freeman's Declaration, read in light of the requirements of 35 U.S.C. section 102(b) and requirements for patentability under 35 U.S.C section 103(a), demonstrates that the employees of Freeman Corporation are "of ordinary skill in the art" of veneer making and machining.

Reid Freeman's nearly three decades of employment with the company and his statement that "[o]ver the years, Freeman Corporation employees have constructed and put into service many pieces of veneer processing equipment, some of them complex and sophisticated . . ." certainly demonstrate a capability to build such equipment. (*See* Ex. B, ¶ 5.) A person of ordinary skill in the art is a legal fiction, and has been a dynamic and evolving standard. Such a determination is fact sensitive and dependent upon the standards in the industry in question. Most recently, the United States Supreme Court has stated that a person of ordinary skill in the art is "a person of ordinary creativity, not an automaton." *KSR Intern. Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007).

With guidance from the standard set out in *KSR*, Freeman Corporation's reputation as a successful, longstanding producer of veneer and veneer processing equipment, unquestionably qualifies it as "one of ordinary skill in the art" under 35 U.S.C. section 103(a). By the standards of the Plaintiffs' own expert, Freeman Corporation qualifies as one of ordinary skill in the art of veneer making. Dr. Stamper states in his expert report that he would consider one with "five years of practical experience in the veneer-cutting field" to have ordinary skill in the art of veneer-cutting. (*See* Expert Report of Richard E. Stamper, Ph.D., p. 5.) Reid Freeman personally has thirty-six years of experience in the industry, while Freeman Corporation has over forty years of experience.

### III. CONCLUSION

Miller Veneers maintains that the elements of its expert report for Reid Freeman were timely submitted to the Court and served upon Plaintiffs on June 30, 2010, prior to the July 3, 2010 deadline. Although some elements were inadvertently omitted from the report, no substantive information was missing, and the omission constitutes harmless error, as Plaintiffs were not prejudiced by the omission in any way. If Freeman's report is found to be prejudicial for the information omitted, then Plaintiff's expert must be stricken as well, for failure to disclose some of the same information missing from Freeman's report.

Further, Reid Freeman has personal knowledge of the correspondence from Capital Machine to Miller Veneers, as Freeman Corporation has received some of the same offers over the years. In addition, Freeman knows the correspondence constitutes an offer, because it is custom and practice in the veneer making industry to distribute offers in such a form. Freeman also qualifies as an expert regarding the on sale bar issue, as the employees of Freeman

Corporation, who qualify as persons of ordinary skill in the art of veneer making, could make the machine now, or in 1992 when it was originally offered to Miller Veneers.

WHEREFORE, Defendant Miller Veneers, Inc., by counsel, respectfully requests that the Court deny/overrule Plaintiffs' Objections to Miller Veneers' Evidentiary Designations Submitted in Opposition to Plaintiffs' Motion for Preliminary Injunction, and for all other relief just and proper in the premises.

Respectfully submitted,

McNEELY, STEPHENSON, THOPY & HARROLD

s/J. Lee McNeely
J. Lee McNeely (#9542-73)
McNeely Stephenson Thopy & Harold
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176
Telephone: 317-825-5110
Facsimile: 317-825-5109
Email: jlmcneely@msth.com
Attorney for Defendant, Miller Veneers, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 19th day of July, 2010, a copy of the foregoing has been filed electronically and notice of this filing will be sent to the following parties by operation of the Court's electronic filing system: Clifford Browning, KRIEG DEVAULT LLP, One Indiana Square, Suite 2800, Indianapolis, IN 46204-2079 cbrowning@kdlegal.com; Paul Overhauser, OVERHAUSER & LINDMAN, LLC, 740 W. Green Meadows Drive, Suite 300, Greenfield, IN 46140 overhauser@overhauser.com.

s/J. Lee McNeely
J. Lee McNeely (#9542-73)
McNeely Stephenson Thopy & Harold
2150 Intelliplex Drive
Suite 100
Shelbyville, IN 46176
Telephone: 317-825-5110
Facsimile: 317-825-5109
Email: jlmcneely@msth.com

8