UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAPITAL MACHINE COMPANY, INC. and <br> INDIANA FORGE, LLC, <br>     *Plaintiffs*, <br> <br> *vs*. <br> <br> MILLER VENEERS, INC., *et al.*, <br>     *Defendants*. | ) <br> ) <br> ) <br> )   1:09-cv-00702-JMS-DML <br> ) <br> ) <br> ) |

## ORDER

In reviewing the papers on the pending Supplemental Motion to Dismiss Defendants' Counterclaims, [dkt. 266], it appears as though the parties are under the mistaken impression that a duty to supplement is only triggered upon a request from the other side. [*See* dkt. 280 at 2 ("On November 15, 2011, Capital requested supplementation of discovery, specifically listing Interrogatories 1 and 2, but not listing Interrogatory 9.").] In fact, the Federal Rules impose a continuing and automatic duty to supplement discovery. Fed. R. Civ. Pro. 26(e)(1).[1]

To avoid any possible misunderstandings about the current completeness of discovery, the Court now orders as follows:

1. Lead counsel for the parties must personally review their clients' current objections and responses to interrogatories and requests for production, to ensure that the clients are not relying upon any "boilerplate" objection to withhold discovery, which is im-

---

[1] The Rule provides as follows:

(1) *In General.* A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

Fed. R. Civ. Pro. 26(e)(1).

    proper, *e.g., Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("Objections are valid only if they specifically apprise the opposing party, and the Court, about the nature of the otherwise responsive documents that the responding party will not produce. Thus, 'general objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered." (citations and footnote omitted)).

2. After personally making reasonable inquiry, lead counsel for each party must file a certification with the Court no later than **January 23, 2012**, that all discovery responses and objections are complete and correct, subject only to whatever written agreements the parties have reached about limiting the scope of discovery (*e.g.* the need to log post-litigation attorney-client communications).

01/10/2012

                                                                           Hon. Jane Magnus-Stinson, Judge
                                                                           United States District Court
                                                                           Southern District of Indiana

**Distribution via ECF only:**

Cynthia A. Bedrick
MCNEELY STEPHENSON THOPY & HARROLD
cabedrick@msth.com

Charles B. Daugherty
MCNEELY STEPHENSON THOPY & HARROLD
cbdaugherty@msth.com

Jennifer M. Frasier
MCNEELY STEPHENSON THOPY & HARROLD
jmfrasier@msth.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

Brady J. Rife
MCNEELY STEPHENSON THOPY & HARROLD
bjrife@msth.com

Michael A. Swift

MAGINOT MOORE & BECK LLP
maswift@maginot.com