UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAPITAL MACHINE COMPANY, INC. and<br>INDIANA FORGE, LLC,<br>    *Plaintiffs*,<br><br>    *vs.*<br><br>MILLER VENEERS, INC., *et al.*,<br>    *Defendants*. | 1:09-cv-00702-JMS-DML |

### ORDER

Presently before the Court is the Plaintiffs' Motion for Reconsideration and Clarification of *Markman* Ruling. [Dkt. 253.]

Insofar as the motion asks the Court to reconsider its *Markman* ruling, [dkt. 247], the motion is **DENIED**. Motions to reconsider serve a very limited purpose and are only appropriate for those "rare" situations where the Court has "patently misunderstood a party," has decided an issue outside the scope of adversarial presentation, has "made an error not of reasoning but of apprehension," or where there has been a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotation omitted). Having reviewed the arguments of counsel, nothing in the papers rises to that high level. Accordingly, the Court will not sub-

stantively revisit its *Markman* ruling, which was the product of considerable time and effort.[1]

Whether or not the Court of Appeals ultimately agrees with the Court's ruling, it represents the Court's best attempt at construing the terms at issue consistent with applicable precedent.

Insofar as the motion seeks clarification of the *Markman* ruling, [*see* dkt. 254-1 (containing list of the Court's constructions and expressing uncertainty as to the construction of certain terms)], the Court will **GRANT** the motion, but only to the following extent:

1. In the '137 Patent, the reference to "staylog-engaging zone" in the construction of "veneer-producing zone" means: "the portion of the flitch that includes holes of varying depths, as distinct from the veneer-producing zone."

2. In the '995 Patent, the reference to "veneer-producing zone" in the construction of "staylog-engaging zone" means: "the portion of the flitch parallel to the veneer-slicing knife and from which veneer is cut, as distinct from the staylog-engaging zone."

3. In the '938 Patent, the term "veneer-producing zone" means: "the portion of the flitch parallel to the veneer-slicing knife and from which veneer is cut, as distinct from the staylog-engaging zone." [*See* dkt. 247 at 16 (construing the term in the context of the '137 Patent), 23 (including the term within a list of terms previously construed for which "the Court finds no basis to interpret [the terms] any differently" than it had previously).]

4. In the '938 Patent, the term "predetermined position" means: "A pattern of varying depths that is determined in advance." [*See id.* at 18 (defining "predetermined pat-

---

[1] The Court will, however, briefly comment about Plaintiffs' assertion that the Court erred in relying upon *Elkay Mfg. Co. v. Ebco Mfg. Co.*, 192 F.3d 973 (Fed. Cir. 1999). To the extent that the Court relied upon that case for the proposition that patents in the same family may be understood together, [*see* dkt. 247 at 22], the Court additionally cites *Ormco Corp. v. Align Tech., Inc.*, 498 F.3d 1307, 1314 (Fed. Cir. 2007) ("In this case, the specifications of the prior '562 patent, which is the parent of three of the patents in issue, and all the presently litigated patents, have the same content. Thus, the prosecution history of the claims of application number 07/973,973, which led to the '562 patent, are relevant in construing the claims of the '432, the '243, the '861, and the '444 patents."). To the extent that the Court relied upon *Elkay* for the proposition that because both sides treated the phrases at issue in the patents-in-suit as having identical meanings across the patents-in-suit, the Court could ultimately reach the same conclusion after serially examining the patents (even if that analysis was not specifically repeated in the opinion), [*see* dkt. 247 at 22], the Court cites *Microsoft Corp. v. Multi-Tech Sys.*, 357 F.3d 1340, 1350 (Fed. Cir. 2004) ("We take the patentee at its word and will not construe the scope of the '649 patent's claims more broadly than the patentee itself clearly envisioned.").

tern"), 24 (noting that the parties agreed that "predetermined position" and "predetermined pattern" have the same meaning).]

Because oral argument was not necessary to resolve the motion, Plaintiffs' Motion for Hearing on Motion for Reconsideration, [dkt. 262], is **DENIED**. *See* L.R. 7-5(d)(1) ("The court may…grant or deny a request for oral argument…in its sole discretion….").

01/10/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Cynthia A. Bedrick
MCNEELY STEPHENSON THOPY & HARROLD
cabedrick@msth.com

Charles B. Daugherty
MCNEELY STEPHENSON THOPY & HARROLD
cbdaugherty@msth.com

Jennifer M. Frasier
MCNEELY STEPHENSON THOPY & HARROLD
jmfrasier@msth.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

Brady J. Rife
MCNEELY STEPHENSON THOPY & HARROLD
bjrife@msth.com

Michael A. Swift
MAGINOT MOORE & BECK LLP
maswift@maginot.com