UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CAPITAL MACHINE COMPANY, INC. and | ) | |
| INDIANA FORGE, LLC, | ) | |
| *Plaintiffs*, | ) | |
| | ) | 1:09-cv-00702-JMS-DML |
| *vs*. | ) | |
| | ) | |
| MILLER VENEERS, INC., *et al.*, | ) | |
| *Defendants*. | ) | |

## <u>ORDER</u>

Presently before the Court is Counterclaim Defendants' Motion for Judgment on the Pleadings. [Dkt. 266.][1]

# I.
## BACKGROUND

The Plaintiffs have filed this, acrimonious, patent-infringement action against the Defendants. For simplicity, the Court will refer to the Plaintiffs collectively as "Capital Machine" and to the Defendants collectively as "Miller Veneers." As part of its defense, Miller Veneers filed Counterclaims for declaratory judgment that the Patents-in-Suit are each invalid due to inequitable conduct before the U.S. Patent and Trademark Office ("<u>Patent Office</u>") by William Koss, Capital Machine's president. [*See* dkt. 76 at 17-47.] Besides asserting those Counterclaims against Capital, Miller Veneers also asserted them against Mr. Koss, so that he could potentially be liable for Miller Veneers' attorney's fees in this action. [*See id.* at 47.]

Mr. Koss previously asked the Court to dismiss the Counterclaims against him for failure to comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). In August 2010, the Court did so, but only in part. In a ruling, familiarity with which is assumed

---

[1] Although the motion is actually styled differently, the parties agreed during briefing that the Court should treat it as one arising under Federal Rule of Civil Procedure 12(c). [Dkt. 275 at 1 n.1; 278 n.1.] The Court will do so.

here, the Court dismissed the Counterclaims to the extent that they alleged "that he engaged in equitable conduct before the Patent Office by misrepresenting the inventors of the plaintiffs' six patents." [Dkt. 149 at 17.] The Court did, however, find that the Counterclaims were sufficiently pleaded to the extent that they alleged that Mr. Koss "engaged in inequitable conduct before the Patent Office by failing to disclose Capital Machine's pocket-grooving machine was on sale more than one year before the plaintiffs' earliest patent applications." [*Id.*] Since the Court's ruling, the Federal Circuit has handed down *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (*en banc*).[2] Mr. Koss has asked to "renew" his motion, contending that the remaining Counterclaims fail under Rule 9(b) in light of that new authority. Capital Machine, which did not technically join Mr. Koss' earlier motion to dismiss, has formally joined in his most recent motion. [*See* dkt. 266.]

While Miller Veneers contends that its Counterclaims survive the heightened standards in *Therasense*, it has nonetheless asked in its Response brief for leave to amend its Counterclaims. [*See* dkt. 275.] Under the applicable case management plan, that proposed amendment is untimely, as the pleadings closed more than two years ago. [*See* dkt. 50 at 9.]

## II.
### DISCUSSION

The Court will begin its discussion by clarifying the impact of its prior ruling on the Counterclaims and Affirmative Defenses in this action. Next, it will consider the motion to issue

---

[2] In patent cases, Federal Circuit precedents govern substance, while the local Circuit's precedents govern procedure. *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984) ("We…rule… that the Federal Circuit shall review procedural matters, that are not unique to patent issues, under the law of the particular regional circuit court where appeals from the district court would normally lie." (footnote omitted)). Federal Circuit precedents govern whether Rule 9(b) has been satisfied. *Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1356 (Fed. Cir. 2007) (citation omitted).

judgment on the pleadings with respect to the remaining Counterclaims.  Finally, it will consider Miller Veneers' request to amend the Counterclaims.

### A. Clarifying the Remaining Counterclaims and Affirmative Defenses

The motion for judgment on the pleadings includes a request for clarification of the Court's prior ruling, which the Court will now provide.  The parties dispute whether the Court's previous narrowing of Miller Veneer's Counterclaims against Mr. Koss applied equally to its Counterclaims against Capital Machine.  [*See* dkt. 267 at 2; dkt. 275 at 3.]  They also dispute whether the Court's dismissal of the "misnaming" Counterclaims equally impacted the Affirmative Defenses 4 and 6, which allege the same two types of inequitable conduct that was at issue in the Counterclaims, [*see* dkt. 76].

As to whether the "misnaming" Counterclaims should survive as to Capital Machine when they did not survive as to Mr. Koss, the answer is no.  Although Capital Machine did not formally move for their dismissal, the Court notes that the entire premise of Mr. Koss' inclusion in this action is that he is responsible for any inequitable conduct that Capital Machine performed.  It would be odd, indeed, if the same allegations were insufficient as to one but sufficient as to the other.  Furthermore, other than arguing that the ruling should not apply merely because Capital Machine did not formally move previously, the Court notes that Miller Veneers offers no substantive argument here about why the result would have been any different if it had done so.  [*See* dkt. 275 at 2-3.]  There has been no suggestion that the Court's prior construction of the pleadings was "clearly erroneous and would work a manifest injustice," *Arizona v. California*, 460 U.S. 605, 619 n.8 (1983) (citation omitted).  So the law-of-the-case doctrine holds that the rulings from the Court's prior order "should continue to govern the same issues in subsequent stages in the same case." *Id.* at 619.  They will.

As to the status of the "misnaming" portions of Affirmative Defenses 4 and 6, the Court's previous holding that the (far more elaborately pleaded) Counterclaims failed to satisfy Rule 9(b) necessarily precludes Miller Veneers from pursuing misnaming by way of affirmative defense. "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). An affirmative defense of inequitable conduct is thus subject to the pleading requirements of Rule 9(b). *Wellman, Inc. v. Teijin*, *Ltd.*, 2006 U.S. Dist. LEXIS 54311, *6 (E.D. Wis. Aug. 4, 2006) ("[I]t is not as though an affirmative defense is a 'counterclaim-light' that can skirt the rule's otherwise strict pleading requirements. [Otherwise]...the affirmative defense of 'inequitable conduct' would simply be boilerplate in any answer and would justify a patent defendant from raising the issue in every case—exactly the 'plague' the Federal Circuit excoriated nearly twenty years ago."). With no additional allegations with respect to misnaming in Affirmative Defenses 4 and 6 (and in fact many fewer) than in the Counterclaims, those portions of Affirmative Defenses were, and are, ineffective, even without the new guidance that *Therasense* provides.

### B. The Motion for Judgment on the Pleadings

As the Court previously explained, to state a claim for inequitable conduct, the following two elements must be pleaded with the particularity required under Rule 9(b): "'(1) [A]n individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO.'" [Dkt. 149 at 9 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009)).]

Since that ruling, *Therasense* has further refined the proof, and perhaps the pleading requirements, of inequitable conduct. Now, materiality must be judged independently from allegations of intent—in other words, no sliding scale whereby a weakness in one could be bolstered by strength in the other—and now materiality requires that the patent would not have issued but for the misrepresentation. *Therasense*, 649 F.3d at 1290-91.

Having reviewed the briefs on the present motion and the briefs on the prior motion, the Court finds no basis to dismiss the remaining Counterclaims.[3] As for the materiality requirement, *Therasense* has no impact at all. Although not necessary under then-existing precedent, the Court found previously that the Patent Office would not have issued the patents had no (alleged) misrepresentation occurred. [*See* dkt. 149 at 16 ("[T]he materiality of Mr. Koss's failure to disclose is sufficiently pled because, if proved, commercialization of the patents more than a year before the application would render the patents unenforceable by the plaintiffs.").] And as for the intent requirement, *Therasense* only requires a slight change in the analysis, not in the ultimate finding that intent has been sufficiently pleaded. Striking all references to the sliding scale, the Court remains convinced that because "Mr. Koss had a personal financial and business interest in the patents being granted, given his position as a principal shareholder and president of Capital Machine, a reasonable inference arises…that Mr. Koss had the specific intent to de-

---

[3] Furthermore, any insufficiency in the pleadings at this point would be harmless error. *See* Fed. R. Civ. Pro. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Rule 9(b) "serve[s] three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim to the adverse party." *Vicom, Inc. v. Harbridge Merchant Servs.*, 20 F.3d 771, 777 (7th Cir. 1994) (collecting cases). None of those purposes would be advanced by re-litigating the pleadings at this point, after more than a year of discovery about them following the Court's last ruling. The Court notes in particular that Capital Machine and Mr. Koss do not argue that they have ever been uncertain as to alleged misconduct at issue or that Miller Veneers has engaged in any "fishing expeditions" in discovery. Accordingly, the impending deadline for summary judgment presents a more appropriate vehicle to consider the Counterclaims.

ceive the Patent Office by not disclosing that the pocket-grooving machine was on-sale more than one year before the earliest patent applications were filed." [*Id.*].

Accordingly, the Court denies the motion for judgment on the pleadings to the extent that it seeks to dismiss the remaining Counterclaims in this action.

### C. Miller Veneers' Request to Amend the Counterclaims

The Court will deny Miller Veneers' request to amend its Counterclaims.

First, by making its request to amend in its Response rather than in a separate motion (with independent briefing), Miller Veneers violated Local Rule 7.1(a). That Rule provides, in part, as follows: "A new motion must not be incorporated within a brief, response, or reply to a previously filed motion…"[4] Miller Veneers has proffered no excuse for its noncompliance with the Local Rules, and the Court accordingly finds no basis to excuse that noncompliance.

Second, setting aside the violation of the Local Rules, the Court finds no "good cause" to authorize modifying the case management plan so as to permit the proposed amendment, as required under Federal Rule of Civil Procedure 16(b)(4). *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.' Fed. R. Civ. P. 16(b)."). To whatever extent that the proposed amendment merely seeks to shore up previous allegations with facts obtained during discovery, no shoring up is required. As explained above, the Court is not entering judgment on the pleadings. To whatever extent that the proposed amendment seeks to inject new legal theories or otherwise expand the scope of previously pleaded Counterclaims, however, this action is simply too old for that. Doing so would jeopardize this Court's abilities to bring this two-and-a-half-year-old ac-

---

[4] On January 1, 2012, a new set of Local Rules went into effect. Because they were not in effect when Miller Veneers filed its Response, the Court has not cited them.

tion to a close within the three-year window contemplated under the Civil Justice Reform Act. *See* 28 U.S.C. § 476(a)(3).[5]

The current Counterclaims will, therefore, continue to control.

## III.
### CONCLUSION

The Counterclaim Defendants' Motion for Judgment on the Pleadings, [dkt. 266], is **GRANTED IN PART** and **DENIED IN PART**. It is granted to the extent that (1) the "misnaming" Counterclaims fail as to Capital Machine for the same reasons that they failed as to Mr. Koss and (2) the "misnaming" allegations in Affirmative Defenses 4 and 6 in Miller Veneers' current Answer, [dkt. 76], are ineffective under Rule 9(b). The motion is otherwise denied.

As no motion to amend the Counterclaims was filed, no leave is given.

In light of the Court's rulings above, the Counterclaim Plaintiffs' motion for leave to file a surreply, [dkt. 279], is **DENIED AS UNNECESSARY**.

01/25/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Cynthia A. Bedrick
MCNEELY STEPHENSON THOPY & HARROLD
cabedrick@msth.com

Charles B. Daugherty
MCNEELY STEPHENSON THOPY & HARROLD
cbdaugherty@msth.com

---

[5] Given the complexity of this action and the Court's criminal docket, this action is already outside the presumptive eighteen-month window for civil actions. *See id.* § 473(a)(2)(B).

Jennifer M. Frasier
MCNEELY STEPHENSON THOPY & HARROLD
jmfrasier@msth.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

Brady J. Rife
MCNEELY STEPHENSON THOPY & HARROLD
bjrife@msth.com

Michael A. Swift
MAGINOT MOORE & BECK LLP
maswift@maginot.com