UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAPITAL MACHINE COMPANY, INC., and IN-<br>DIANA FORGE, LLC,<br>    *Plaintiffs*,<br><br>    *vs.*<br><br>MILLER VENEERS, INC., *et al.*,<br>    *Defendants*. | 1:09-cv-00702-JMS-DML |

**ORDER**

Capital Machine Company, Inc. and Indiana Forge LLC (collectively, "Capital Machine") filed this patent-infringement action against Miller Veneers, Inc. and several individual defendants (collectively, "Miller Veneers"). Presently pending before the Court are Miller Veneers' Motion for Summary Judgment, [dkt. 323], Capital Machine's Motion for Hearing, [dkt. 332], and Capital Machine's Objection to the Magistrate Judge's Order denying Capital Machine further discovery, [dkt. 346].

In a previous order in this case ("*Markman* Order"), the Court construed the disputed claim terms. [Dkt. 247.] Desiring to immediately appeal the Court's *Markman* Order, the parties stipulated that certain claim constructions adopted by the Court foreclosed Capital Machine from being able to prove its infringement claims ("Asserted Claims") and thus asked the Court to enter a Final Judgment of noninfringement in Miller Veneers' favor. [Dkt. 294.] The Court entered Final Judgment according to the terms stipulated by the parties, [dkt. 296], and Capital Machine appealed the Court's *Markman* Order to the Federal Circuit.

The Federal Circuit affirmed the Court's construction of the terms "flitch" and "veneer-producing zone," but reversed the Court's construction of the terms "staylog-engaging zone," "predetermined pattern/predetermined position," and "dogs." *Capital Machine Co. v. Miller Ve-*

*neers, Inc.*, 524 Fed. Appx. 644 (Fed. Cir. 2013). It then specifically charged this Court as follows: "It is unclear from the district court's final judgment . . . whether the construction of any one claim term is case-dispositive. We therefore leave it to the court on remand to determine whether, in view of this opinion, summary judgment of noninfringement is appropriate with respect to any of the asserted claims." *Id.* at 651.

Taking up the Federal Circuit's charge, this Court concludes that the construction of "flitch" is indeed case-dispositive as to all of Capital Machine's infringement claims. In order to appeal the *Markman* Order, Capital Machine stipulated that it could not prove the "flitch" element under this Court's construction of that term. Because the Court's construction of "flitch" was affirmed by the Federal Circuit, Capital Machine's stipulation remains binding. Despite its binding stipulation, Capital Machine now makes a plethora of too-clever-by-half arguments that amount to nothing more than a desperate and disingenuous attempt to make an end-run around its earlier stipulations. The Court will not permit Capital Machine to change or otherwise explain away its binding stipulations, recharacterize its claims in order to circumvent the Federal Circuit's decision, or withdraw claims that clearly must be decided against it in light of the Federal Circuit's decision.

Accordingly, for the reasons set forth below, the Court **GRANTS** Miller Veneers' Motion for Summary Judgment. Because the parties' briefs afford the Court an adequate basis on which to rule without the assistance of oral argument, Capital Machine's Motion for Hearing is **DENIED**. Finally, Capital Machine's Objection to the Magistrate Judge's Order denying discovery is **DENIED**.

# I.
## BACKGROUND

This patent infringement case involves disputed claims in six patents: U.S. Patent Nos. 5,562,137; 5,678,619; 5,694,995; 5,701,938; 5,819,828; and 7,395,843 (collectively, "patents-in-suit"). For ease of reading, the Court will refer to the patents-in-suit by only their last three numbers going forward, for example, the '137 Patent instead of Patent No. 5,562,137.

The relevant factual background was set forth in detail in the Court's *Markman* order, [dkt. 247], as well as in the Federal Circuit's opinion in this case, *Capital Machine*, 524 Fed. Appx. at 646-47. The Court need not repeat those facts and incorporates them by reference.

### A. *Markman* Order

The Court construed the disputed phrases in the above claims in its *Markman* Order. [Dkt. 247]. Specifically, the Court set forth controlling definitions for "flitch," "dogs," "engaging," "veneer-producing zone," "stay-log engaging zone," "predetermined pattern," "forming a plurality of holes simultaneously," "dado hole," "forming at least one dado hole," "cavities," "plurality of cavity forming tools," and "forming simultaneously a plurality of cavities." [*Id.* at 12-28.] Most relevant to the instant motion is the construction of "flitch." The Court defined "flitch" as "[a] portion of a log resulting from the log being cut along its longitudinal axis and thus having a taper at the butt end of the log."[1] [*Id.* at 12.] Critically, this Court determined that the term "flitch" as used in the patents-in-suit refers exclusively tapered flitches.

As noted, this construction prompted the parties to file a joint motion asking the Court to enter summary judgment in favor of Miller Veneers on all of Capital Machine's infringement claims and to dismiss all of Miller Veneers' counterclaims without prejudice. [Dkt. 294.] As

---

[1] Capital Machine sought reconsideration of the *Markman* Order, but the Court denied the motion. [Dkt. 283.]

relevant here, the parties agreed that the Court's construction of "flitch" was "dispositive as to at least claim 23 of the '137 patent." [*Id.* at 4.] The construction was dispositive as to this claim, the parties explained, because "[Capital Machine] allege[s] that Miller [Veneers] has cut veneer from 'untapered' flitches and flitches without 'butt ends' (as that term is understood). The inclusion of 'tapered' and 'butt end' limitations in the definition of 'flitch' results in certain accused devices and practices of Miller [Veneers] being outside the scope of this patent claim as construed by the Court." [*Id.*] The Court granted the parties' motion and entered Final Judgment on the grounds outlined by the parties. [Dkt. 296.] Capital Machine then appealed the Court's *Markman* Order to the Federal Circuit.

### B.     Appeal of *Markman* Order

On appeal, Capital Machine challenged several of the claim constructions set forth in this Court's *Markman* Order. *See Capital Machine*, 524 Fed. Appx. at 647-51. The Federal Circuit specifically addressed the Court's construction of "flitch," "staylog-engaging zone," "predetermined pattern," "veneer-producing zone," and "dogs." *See id.* Most relevant here, the Federal Circuit affirmed the Court's conclusion that "flitch" means a tapered flitch and further held that the term must be interpreted "consistently across all of the patents." *Id.* at 649. Furthermore, the Federal Circuit affirmed the Court's construction of "veneer-producing zone," while reversing at least part of the Court's construction of "staylog-engaging zone," "predetermined pattern," and "dogs." *See id.* at 649-51.

After noting that the parties' other arguments were "without merit," the Federal Circuit remanded the case to this Court to determine the impact of its ruling. Specifically, the Federal Circuit ordered a specific review on remand: "It is unclear from the district court's final judgment . . . whether the construction of any one claim term is case-dispositive. **We therefore**

**leave it to the court on remand to determine whether, in view of this opinion, summary judgment of noninfringement is appropriate with respect to any of the asserted claims.**"[2] *Id.* at 651(emphasis added.) The Court must now decide this limited issue.

## II.
### DISCUSSION

The parties vigorously dispute the impact the Federal Circuit's decision has on the Asserted Claims. However, many of their arguments, and all of their newly submitted evidence, stray outside of the Federal Circuit's relatively narrow charge to this Court on remand, as highlighted above. *Capital Machine*, 524 Fed. Appx. at 651. Unless necessary, the Court will not – and indeed should not – reach beyond the Federal Circuit's directive to address the parties' recasted arguments. Instead, taking up the prescribed charge, the Court has examined the patents-in-suit, and applied this Court's and the Federal Circuit's construction of the term "flitch" along with the parties' prior stipulations to them. As discussed in more detail below, this review establishes that summary judgment of noninfringement is appropriate as to all of the Asserted Claims.

The Court begins its analysis with what is not in dispute. First, on appeal, the Federal Circuit affirmed this Court's construction of "flitch." *Capital Machine*, 524 Fed. Appx. at 647-49. And it held that "flitch" must be interpreted "consistently across all the patents." *Id.* at 649. It follows from this that if Capital Machine cannot prove that Miller Veneers' devices or methods infringe the "flitch" element for one Asserted Claim, then it cannot prove the "flitch" element for any of the Asserted Claims because "flitch" is given the same meaning across each of

---

[2] Due to the Federal Circuit's specific charge to this Court, and the Court's ultimate conclusion that summary judgment of noninfringement is warranted as to all of the Asserted Claims, the Court denies Capital Machine's objection to the Magistrate Judge's Order denying further discovery, [dkt. 346], as further discovery in no way impacts, and thus is outside the scope of, the Federal Circuit's mandate to this Court.

the patents-in-suit..  Second, both parties recognize that, to succeed on an infringement claim, each element of an individual claim must be present.  [*See* dkts. 324 at 14; 327 at 14.]  This legal proposition is well-settled.  *See, e.g.*, *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 702 F.3d 1351, 1358 (Fed. Cir. 2012) ("To prove literal infringement, a plaintiff must show that the accused device contains each and every limitation of the asserted claims."); *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011) ("To prove infringement, the plaintiff bears the burden of proof to show the presence of every element or its equivalent in the accused device.").  Thus, if Capital Machine cannot prove the presence of one element of any Asserted Claim, Miller Veneers is entitled to summary judgment on that entire claim.

Taken together, these two propositions dictate that if the Court's construction of "flitch" prevents Capital Machine from proving infringement as to any one claim, Miller Veneers is entitled to summary judgment on each of the Asserted Claims having "flitch" as an element.  In the end, the Court agrees with Miller Veneers that Capital Machine stipulated that the Court's construction of the "flitch" element was dispositive, and that stipulation binds Capital Machine throughout the case because all of the Asserted Claims include the element "flitch."  This inescapably leads to the conclusion that summary judgment in favor of Miller Veneers is warranted on all of the Asserted Claims.

### A. Capital Machine Stipulated that the Court's Construction of the "Flitch" Element was Dispositive of one of the Asserted Claims and that Stipulation is Binding

Despite Capital Machine's protestations to the contrary, [*see, e.g.*, dkt. 348 at 18], it stipulated that the Court's construction of the "flitch" element was dispositive of one of the Asserted Claims.  As detailed above, the parties' sought to appeal this Court's *Markman* Order and thus filed an Unopposed Motion for Summary Judgment.  [Dkt. 294.]  In pertinent part, the parties'

asserted: "The Court's construction of the term 'flitch' . . . is dispositive as to at least claim 23 of the '137 patent. [Capital Machine] alleges that Miller [Veneers] has cut veneer from 'untapered' flitches and flitches without 'butt ends' (as this term is understood). [These] . . . limitations in the definition of 'flitch' results in certain accused devices and practices of Miller being outside the scope of this patent claim as construed by the Court." [*Id.* at 4.]

An explanation of why Capital Machine agreed to entry of Final Judgment in Miller Veneers' favor aids in elucidating why the stipulation is binding. Under the so-called final judgment rule, Capital Machine could only appeal a "final decision" of this Court. 28 U.S.C. § 1295. But the Court's *Markman* Order was not that—the Court had not yet resolved, among other things, whether based on the claim constructions, Capital Machine could prove any of the Asserted Claims. Capital Machine, for strategic or other reasons, desired to immediately appeal several of the Court's claim constructions. But to do so, it needed to comply with the final judgment rule. It therefore stipulated that Miller Veneers cuts veneer from untapered flitches—*i.e.*, flitches falling outside this Court's construction of "flitch"—making the "flitch" element dispositive as to one of its infringement claims.[3] [Dkt. 294]. In conjunction with Miller Veneers' agreed dismissal of its counterclaims, this stipulation enabled the Court to enter Final Judgment, which in turn allowed Capital Machine to appeal this Court's construction of "flitch." *See Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) (recognizing this as one of the four ways in which parties can appeal a district court's claim construction in accordance with

---

[3] Notably, Capital Machine could not have entered into a generalized stipulation of noninfringement and appealed the Court's construction of "flitch." To do so, Capital Machine had to ensure that the Final Judgment made clear that the "flitch" construction "would actually affect the issue of infringement," because if it did not, the Federal Circuit would "risk rendering an advisory opinion as to claim construction issues" in violation of Article III. *Jang v. Boston Scientific Corp.*, 532 F.3d 1330, 1336 (Fed. Cir. 2008).

the final judgment rule); *see also CAE Screenplates*, *Inc. v. Heinrich Fielder GmbH & Co. KG*, 224 F.3d 1308, 1314 (Fed. Cir. 2000) ("[The Federal Circuit] . . . may exercise jurisdiction only if the district court's entry was final relative to all the pending issues.").

Now that Capital Machine has taken the appeal and lost, it argues that its stipulation regarding "flitch"—which was what enabled it to appeal in the first place—was not a stipulation at all. [Dkt. 348 at 18.] Indeed, Capital Machine's characterization of what occurred is telling. It contends that "it neither made any 'stipulation,' nor did this Court 'hold' 'that Miller [Veneers] does not cut flitches. Instead, this Court merely entered judgment that . . . claim 23 of the '137 Patent was not infringed."[4] [*Id.*] The former statement is disingenuous, while the latter is, at best, a significant gloss on what occurred. Unpacking the parties' statements in the Unopposed Motion for Summary Judgment makes clear that Capital Machine stipulated to precise factual premises and the legal conclusion flowing therefrom. Specifically, Capital Machine agreed to two premises—that Miller Veneers cuts certain types of flitches (those that are untapered without butt ends) and that those flitches do not fall under this Court's construction of flitch (which requires the flitch to taper at the butt end). [Dkt. 294 at 4.] It also agreed to the ultimate legal con-

---

[4] Capital Machine attempts to withdraw claim 23 of Patent '137. [Dkts. 327 at 16.] But as mentioned above, this attempt to withdraw the claim that the Federal Circuit's opinion most assuredly resolves in Miller Veneers' favor, without the consent of Miller Veneers, is one of several overly clever attempts by Capital Machine to avoid what the Federal Circuit's opinion requires. Capital Machine's attempt to withdraw this claim will not be permitted by the Court. Even if it were withdrawn, the withdrawal cannot contravene the Federal Circuit's holding that the term "flitch" must be construed "consistently across all the patents," *Capital Machine*, 524 Fed. Appx. at 649.

clusion flowing from these premises—that this Court's construction of "flitch" was "dispositive as to at least claim 23 of the '137 patent." [5] [*Id.*]

As set forth above, Capital Machine agreed to these premises in order to obtain an appealable final judgment. *See Nystrom*, 339 F.3d at 1350; *CAE Screenplates*, 224 F.3d at 1314. It cannot now argue that these were not stipulations, as this position is belied by the plain language of the parties' motion. Moreover, acceptance of Capital Machine's position would allow it to manipulate the final judgment rule. Capital Machine obtained the Final Judgment it desired by stipulating that this Court's construction of the "flitch" element was dispositive of its ability to prove infringement, which allowed it to appeal the Court's construction of "flitch." But even though the Court's construction of "flitch" was affirmed, Capital Machine turns around and contends that it never stipulated that this Court's construction was dispositive. Such maneuvering would only serve to circumvent the final judgment rule and will not be allowed. *Cf. CAE Screenplates*, 224 F.3d at 1315 (criticizing a joint motion for entry of final judgment that did not specifically concede noninfringement because it allowed the party seeking to appeal to "pursue relief from the district court no matter how [the Federal Circuit] rules").

This is but one of several attempts by Capital Machine to impermissibly disavow positions it previously adopted in this litigation as soon as those positions no longer suit its ends. Such practice, of course, cannot be permitted. Both the clear language of the Unopposed Motion for Summary Judgment and Capital Machine's need to satisfy the final judgment rule in order to appeal establish that Capital Machine stipulated that, under this Court's construction of "flitch," it could not prove infringement of claim 23 of Patent '137. And the Seventh Circuit could not be

---

[5] This Court relied on these stipulations in concluding that summary judgment in favor of Miller Veneers was appropriate and, explicitly recited these stipulations in entering Final Judgment. [Dkt. 296 at 3.]

more clear that "stipulations and concessions bind those who make them." *Consolidation Coal v. Director*, 732 F.3d 723, 730 (7th Cir. 2013); *see Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1068 (7th Cir. 2000) ("Voluntary stipulations bind the parties."); *River v. Commercial Life Ins. Co.*, 160 F.3d 1164, 1173 (7th Cir. 1998) ("This Court has previously held that stipulations, entered voluntarily, 'bind the parties themselves.'"). Indeed, "[t]o hold anything else," as Capital Machine urges the Court to do, "would be to reduce stipulations to mere inconsequential gestures." *River*, 160 F.3d at 1173. Not only are the premises to which Capital Machine agreed properly classified as stipulations, they are judicial admissions. *See Medcom Holding Co. v. Baxter*, 106 F.3d 1388, 1404 (7th Cir. 1997) ("Binding judicial admissions are 'any deliberate, clear and unequivocal statement, either written or oral, made in the course of judicial proceedings.'") (quoting *In re Lefkas Gen. Partners*, 153 B.R. 804 (N.D. Ill. 1993)). Judicial admissions such as these "are binding upon the party making them" and, instead of being evidence, "have the effect of withdrawing a fact from contention."[6] *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (citations and quotation marks omitted).

In sum, Capital Machine is bound by the stipulations made in the Unopposed Motion for Summary Judgment that this Court's construction of flitch is dispositive of its ability to prove that Miller Veneers infringed claim 23 of Patent '137. [Dkt. 294 at 4.] The Federal Circuit affirmed the Court's construction of "flitch," *Capital Machine*, 524 Fed. Appx. at 647-49, thus the binding stipulation that this Court's construction of "flitch" is dispositive as to that claim remains controlling in this case.

---

[6] Among other reasons, this is why Capital Machine's reliance on evidence from a recent post-appeal inspection of Miller Veneers' facilities that allegedly revealed that Miller Veneers cuts veneer from tapered flitches—that is, flitches that fall within this Court's construction of the term—is irrelevant. By stipulating to the contrary, Capital Machine withdrew this "fact from contention." *Keller*, 58 F.3d at 1198 n.8 (citations and quotation marks omitted).

Once the Court relied on the parties' stipulations in entering Final Judgment, the Court's resolution of the "flitch" issue became the law of the case, meaning that it continues to control. *See Jarrad v. CDI Telecommunications, Inc.*, 408 F.3d 905, 911-12 (7th Cir. 2005). And the law of the case doctrine applies even in cases such as this when a previously entered Final Judgment is reversed on appeal. As the Seventh Circuit explained, "If a final judgment had been entered, the case appealed, the judgment reversed, and the case remanded, the trial judge would be required to adhere on remand to the rulings that he had made before the case was first appealed, provided of course that they had not been set aside by the appellate court." *Williams v. C.I.R.*, 1 F.3d 502, 503 (7th Cir. 1993). As none of the Court's rulings regarding "flitch" were "set aside by the appellate court," this Court is "required to adhere on remand to the rulings . . . made before the case was first appealed," *id.*, which includes the conclusion that summary judgment in favor of Miller Veneers on claim 23 of Patent '137 is warranted.

Accordingly, the Court concludes that summary judgment in favor of Miller Veneers remains appropriate on claim 23 of Patent '137. As discussed in detail above, because "flitch" is interpreted "consistently across all the patents," *Capital Machine*, 524 Fed. Appx. at 649, this Court's construction of "flitch" is dispositive of each Asserted Claim with "flitch" as an element. The question thus becomes which of the Asserted Claims has "flitch" as an element. Capital Machine rightly concedes that "all of [its] *method* claims require [the element] 'flitch,'" but ar-

gues that "its two *apparatus* claims do not."[7] [Dkt. 327 at 17 (emphasis in original).] Miller Veneers is therefore entitled to summary judgment on all of Capital Machine's method claims.[8]

The Court must, however, address the disputed issue of whether "flitch" is also an element of Capital Machine's two apparatus claims. In the end, the Court concludes that "flitch" is an element of the apparatus claims, necessitating summary judgment on those claims as well.

### B. "Flitch" is an Element of Capital Machine's Apparatus Claims

The parties dispute whether "flitch" is an element of Capital Machine's two apparatus claims: claim 1 of Patent '938 and claim 1 of Patent '828. The full language of each of those claims is set forth here.

> Claim 1 of Patent '938: An apparatus for retaining a flitch, said flitch including a veneer-producing surface and a mounting surface having a plurality of cavities at predetermined positions in the flitch mounting surface, the apparatus comprising: a staylog, and a plurality of dogs coupled to the staylog for retaining the flitch on the staylog, the dogs being located at positions corresponding to the plurality of cavities in the flitch mounting surface and being formed to include a flitch-engaging portion configured to engage at least a portion of the corresponding cavities and to position veneer-producing surface for cutting.
>
> Claim 1 of Patent '828: An apparatus for preparing a flitch for slicing, the flitch including a veneer-producing zone and a staylog-engaging zone, the apparatus comprising: a plurality of cavity-forming tools, said cavity-forming tools being arranged in a predetermined pattern, a flitch holder located to retain the flitch in a

---

[7] Capital Machine's method claims are as follows: claim 23 of Patent '137; claims 12, 13, and 16 of Patent '995; claims 30, 31, and 32 of Patent '619; claims 5, 33, 36, 37, and 42 of Patent '938; claims 10, 11, 14, and 15 of Patent '828; and claims 6 and 7 of Patent '843.

[8] The Court notes that the same logic that leads the Court to conclude that summary judgment in favor of Miller Veneers is appropriate with respect to every Asserted Claim containing the element "flitch" equally requires summary judgment in favor of Miller Veneers for every Asserted Claim containing the element "veneer-producing zone." This is because, like "flitch," Capital Machine stipulated that it could not prove this element as construed by this Court, [dkt. 294 at 4-5], and the Federal Circuit affirmed this Court's construction of "veneer-producing zone," *Capital Machine*, 524 Fed. Appx. at 650. The Court's reasoning with respect to "flitch" results in summary judgment in favor of Miller Veneers as to all the Asserted Claims, but if it did not the "veneer-producing zone" construction may well provide an alternative basis for summary judgment on each claim containing it.

>  predetermined orientation relative to the plurality of cavity-forming tools, and an actuator for providing relative movement between the plurality of cavity-forming tools and the flitch holder.

[Dkts. 325-5 at 12; 325-6 at 13.]

Capital Machine contends that "flitch" is not an element in either of its apparatus claims. [Dkt. 327 at 17-18.] Miller Veneers disagrees for several reasons. Most importantly, it points to the fact that both this Court and the Federal Circuit have recognized that disclaimers during the prosecution of the patents-in-suit limited them, and thus the Asserted Claims based thereon, to tapered flitches, making "flitch" a limitation to all the Asserted Claims. [Dkt. 336 at 10.] The parties also dispute whether "flitch" qualifies as a claim limitation, given that it is found in the preamble of the apparatus claims. [*See* dkts. 325-5 at 12; 325-6 at 13.]

"In considering whether a preamble limits a claim, the preamble is analyzed to ascertain whether it states a necessary and defining aspect of the invention, or is simply an introduction to the general field of the claim." *Hearing Components, Inc. v. Shure, Inc.*, 600 F.3d 1357, 1366 (Fed. Cir. 2010) (quoting *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1375 (Fed. Cir. 2008)) (quotation marks omitted). "Whether to treat a preamble as a limitation is a determination resolved only on review of the entire[] . . . patent to gain an understanding of what the inventors actually invented and intended to encompass by the claim." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) (alterations in original) (citation and quotation marks omitted). "A term is often limiting when the patentee has relied on it during prosecution to distinguish prior art, as such reliance demonstrates that the feature disclosed in the preamble is necessary to the patentability of the claim." *Hearing Components*, 600 F.3d at 1366; *see Catalina Mktg. Int'l*, 289 F.3d at 808.

The Court need not delve into the parties' arguments in great detail, as the Federal Circuit's decision makes clear that "flitch" is a limitation of all the Asserted Claims, including the apparatus claims. In construing the term "flitch," the Federal Circuit began by noting that the term "appears in every asserted claim." *Capital Machine*, 524 Fed. Appx. at 648. It then quoted several explicit disclaimers made by Capital Machine during the prosecution of the patents-in-suit whereby Capital Machine made clear that the patents-in-suit dealt specifically with tapered flitches. *See id.* at 648-49. For example, Capital Machine repeatedly distinguished Weil patents on the ground that they are "silent with respect to[] *tapered* flitches and their cutting." *Id.* at 648 (emphasis in original) (citations and quotation marks omitted). Especially pertinent to the apparatus claims is the Federal Circuit's recognition that "Capital [Machine] made similar arguments during prosecution of the '938 patent, stating that '[n]othing in Weil '874 discloses or suggests use of a tapered flitch.'" *Id.* at 649 (second alteration in original) (citation omitted). Further, it held that "each patent-in-suit has clear and unmistakable prosecution history disclaimer in either a parent or a child," and thus "flitch" had to be interpreted "consistently across all the patents." *Id.* at 649. In sum, the Federal Circuit relied solely on Capital Machine's disclaimers in concluding that "flitch" means tapered flitch in each patent-in-suit. *See id.* at 647-49.

This Court would contravene the Federal Circuit's binding decision if it were to now hold that, even though the term "flitch" in the apparatus claims refers specifically to tapered flitches, "flitch" is not a limitation of those claims. As noted above, the Federal Circuit construes terms in the preamble as claim limitations "when the patentee has relied on it during prosecution to distinguish prior art, as such reliance demonstrates that the feature disclosed in the preamble is necessary to the patentability of the claim." *Hearing Components*, 600 F.3d at 1366. As detailed above, the Federal Circuit determined that this is precisely what occurred. Capital Machine re-

peatedly highlighted the fact that its patents specifically related to *tapered* flitches in distinguishing Weil patents. *See Capital Machine*, 524 Fed. Appx. at 648-49. This causes the relied upon distinguishing characteristic found in the claims' preambles to function as claim limitations. *See Hearing Components*, 600 F.3d at 1366 (holding that the phrase "readily installed" found in the claim's preamble was a claim limitation because the plaintiff "relied on the 'readily installed' phrase during prosecution to distinguish prior art"); *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 835 (Fed. Cir. 2003) (holding that the district court properly construed a preamble phrase as a claim limitation because, among other reasons, "[t]he applicants . . . relied on [that phrase] in distinguishing their invention over prior art"); *cf. Textron Innovations, Inc. v. Am. Eurocopter Corp.*, 498 Fed. Appx. 23 (Fed. Cir. 2012) (holding that the prosecution history does not require a preamble phrase to be treated as a claim limitation because "nothing in the . . . prosecution history states, or even suggests" that the plaintiff intended to so limit its claim); *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1342 (Fed. Cir. 2012) (declining to rely on statements made during the prosecution history because they did not "clearly and unmistakably disclaim scope or meaning") (citation and quotation marks omitted). In sum, Capital Machine again attempts to take a position contrary to one it previously took. Capital Machine cannot distinguish other patents on the ground that its patents deal solely with tapered flitches, but then contend that its patents can be infringed without having to prove that the infringing apparatuses or methods involved tapered flitches. *See Hearing Components*, 600 F.3d at 1366.

Accordingly, the Court concludes that "flitch" functions as a claim limitation of Capital Machine's apparatus claims—that is, it is a necessary element Capital Machine must prove to prevail on these claims. For the reasons discussed in the previous section, Capital Machine stip-

ulated that the "flitch" element was dispositive, resulting in summary judgment in Miller Veneers' favor on all the Asserted Claims.[9]

### III.
#### CONCLUSION

The Federal Circuit held that it was "unclear" from this Court's Final Judgment whether its "construction of any one claim term is case-dispositive." *Capital Machine*, 524 Fed. Appx. at 651. It therefore remanded the case for this Court "to determine whether . . . summary judgment of noninfringement is appropriate with respect to any of the asserted claims." *Id.* For the above stated reasons, the Court concludes that its construction of "flitch"—which was affirmed by the Federal Circuit—is indeed dispositive of all the Asserted Claims. Accordingly, the Court **GRANTS** Miller Veneers' Motion for Summary Judgment, [dkt. 323], **DENIES** Capital Machine's Motion for Hearing, [dkt. 332], and **DENIES** Capital Machine's Objection to the Magistrate Judge's Order, [dkt. 346]. Final judgment will issue accordingly.[10]

---

[9] Capital Machine argues that even if "flitch" is an element of its apparatus claims, it can now prove this element because it submitted evidence showing that Miller Veneers has used tapered flitches on the allegedly infringing apparatuses. [Dkt. 348 at 11-14.] For the same reasons discussed above, reliance on such evidence strays outside the Court's limited charge on remand, and, more importantly, Capital Machine's stipulation to the contrary remains binding. Should Capital Machine believe Miller Veneers has materially changed its methods and apparatuses so that they now infringe on Capital Machine's patents, Capital Machine must file a new suit to pursue those claims, provided that such suit complies with the requirements of Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

[10] The Court dismissed Miller Veneers' counterclaims without prejudice to its right to re-assert those claims should the Federal Circuit remand the case back to this Court. [Dkt. 296 at 6.] Because Miller Veneers has not reasserted its counterclaims, the grant of summary judgment in its favor on all of Capital Machine's Asserted Claims finally resolves all of the claims in this suit.

12/13/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Michael A. Swift
MAGINOT MOORE & BECK LLP
maswift@maginot.com

Brady J. Rife
MCNEELY STEPHENSON THOPY & HARROLD
brady.j.rife@msth.com

Charles B. Daugherty
MCNEELY STEPHENSON THOPY & HARROLD
cbdaugherty@msth.com

Cynthia A. Bedrick
MCNEELY STEPHENSON THOPY & HARROLD
cabedrick@msth.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com